

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS
XXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Overruled by
S-55 (1953)

Hon. E. A. Hickerson
County Auditor
Montgomery County
Conroe, Texas

Dear Sir:

Opinion No. O-7185

Re: Liability of the County for
the negligence of its agents
in connection with the
operation of a county air-
port.

We are in receipt of your letter of recent
date requesting the opinion of this department on the
above stated matter. We quote from your letter as fol-
lows:

"The question has arisen in the Commissioners'
Court of Montgomery County, with reference to carry-
ing insurance for personal and property damage in
the operation of an airport.

"My impression is that the county is not in
any way responsible for this class of claim against
the county."

Article 1269h, Vernon's Annotated Civil Statutes,
in part, provides:

"Sec. 3. Any Air Port acquired under and by
virtue of the terms of this Act shall be under the
management and control of the governing body of the
city or the Commissioners' Court of the county ac-
quiring the same, which is hereby expressly author-
ized and empowered to improve, maintain and conduct
the same as an Air Port, and for that purpose to
make and provide therein all necessary or fit im-
provements and facilities and to fix such reasonable
charges for the use thereof as such governing body
or Commissioners' Court shall deem fit, and to make
rules and regulations governing the use thereof.
All proceeds from such charges shall be devoted

exclusively to the maintenance, upkeep, improvement and operation of such Air Port and the facilities, structures, and improvements therein, and no city or county shall be liable for injuries to persons resulting from or caused by any defective, unsound or unsafe condition of any such Air Port, or any part thereof, or thing of any character therein or resulting from or caused by any negligence, want of skill, or lack of care on the part of any governing Board or Commissioners' Court, officer, agent, servant or employee or other person with reference to the construction, improvement, management, conduct, or maintenance of any such Air Port or any structure, improvement, or thing of any character whatever, located therein or connected therewith."

In the case of Christopher v. City of El Paso, 98 S.W. 2d, 394 (error refused) the Court held that the portion of the above quoted provisions of Article 1269h which exempted cities from liability for injuries to persons caused by negligence of their operating agents was unconstitutional. The Court further pointed out that the operation of an airport by a city was a proprietary rather than a governmental function and that the city was therefore liable for the negligence of its agents in connection with the operation of such airport. We quote the following language from the Court's opinion:

". . .we have concluded that the operation of the airport in this case was a proprietary function and that the city was liable for the negligence of its agent in such operation the same as other private corporations would have been. We agree with appellee that a determination of whether a city is acting in a governmental or proprietary capacity depends, in a measure, upon the facts of the particular case; but we cannot agree that the Legislature in granting the power to incorporated cities in Texas to own and operate airports made the exercise of such power a governmental function.

"The operation of the airport being the exercise of a proprietary function, we next approach the question of the constitutionality of the provisions of the provisions of Article 1269h, § 3, purporting to exempt cities from liability for injuries to persons caused by the negligence or want of skill or care of their agents in such operation. . . .

"Appellant's second objection to the exemption provision is that it violates section 1, article 14, of the Amendments to the Federal Constitution, and sections 3, 13, and 19 of article 1, and section 26 of article 16, of the Texas Constitution. . . . .

"That such a statute contravenes the equal protection clause of the Fourteenth Amendment to our Federal Constitution, see Frost v. Corporation Commission, 278 U.S. 515, 49 S. Ct. 235, 245, 73 L. Ed. 483; Smith v. Cahoon, 283 U. S. 553, 51 S. Ct. 582, 75 L. Ed. 1264; Lossing v. Hughes (Tex. Civ. App.) 244 S. W. 556.

"That the provision violates the due process clause of our own Constitution, see Beaumont Traction Company v. State, 57 Tex. Civ. App. 605, 122 S.W. 615; City of Wichita Falls v. Lipscomb (Tex. Civ. App.) 50 S.W. (2d) 867 (writ refused); City of Amarillo v. Tutor (Tex. Com. App.) 267 S.W. 697.

"We do not concur in the contention that the invalidity of the exemption provision, in the absence of a saving clause, renders the entire act unconstitutional. While it is true that the provision is incidental to the main purpose of the act, yet it is capable of being separated from the act without materially affecting that main purpose."

We note that the various provisions of Article 1269h are applicable to counties as well as to cities. It is therefore our opinion that when a county operates an airport under the authority of Article 1269h, such county is performing a function identical in nature with that which the Court held in the above cited case was proprietary in character.

We point out further that the Court held in the case of State v. Elliott, 212 S.W. 695 (error refused) that when the State engages in a proprietary business, the State is liable for injuries sustained by reason of the negligence of its agents in connection with the operation of such proprietary enterprise. The reasoning of the Court in so holding si succinctly stated in the following language contained in the Court's opinion:

"'When a State engages in an enterprise which is usually carried on by individual persons or companies, it voluntarily waives its soverign character, and is subject to like regulations with persons

engaged in the same calling.'"

After carefully considering the various provisions of Article 1269h and in view of the holding in the case of Christopher v. City of El Paso, supra, it is our opinion that when the county owns and operates an airport, it is engaged in a proprietary rather than a governmental function. Although it has been held generally that the county is not liable for injuries sustained by reason of the tortious or negligent acts of its agents or employees in the absence of a specific statute creating such liability, we note that in each instance where our courts have passed upon such matters the county was engaged in a governmental function. We are unable to find a case where our courts have passed upon the precise question as to the liability of the county for injuries sustained by reason of the negligence of its agents or employees when the county is functioning in a proprietary capacity. In view, however, of the holding in the case of State v. Elliott, Supra, it is our opinion that when the county engages in the proprietary activity of operating an airport under authority granted to said county by the Legislature, it is liable for injuries sustained by reason of tortious or negligent acts of its agents or employees.

Since, under the provisions of Article 1269h the county is authorized to own and operate a county airport, and in view of our holding that the county is liable for injuries sustained by reason of the negligent or tortious acts of its agents or employees in connection with the operation of such airport, it is our further opinion that the Commissioners' Court has the implied power to employ reasonable methods to protect the county against such liability. You are therefore advised that the matter of carrying personal and public liability insurance in connection with the operation of the county airport is within the sound discretion of the Commissioners' Court.

We trust that the above and foregoing will satisfactorily answer your inquiry.

Yours very truly
ATTORNEY GENERAL OF TEXAS

JAE:djm:mjs

APPROVED APR 10 1946
/s/ Grover Seller
ATTORNEY GENERAL OF TEXAS

By      /s/ J. A. Ellis
        J. A. Ellis
        Assistant

APPROVED
OPINION
COMMITTEE
BY  BWB
    CHAIRMAN